CASE 93.—ACTION BY LANDRUM & HOWERTON AGAINST THE INDIANA TIE COMPANY.—April 19, 1910.

## Indiana Tie Co. v. Landrum & Howerton

Appeal from Muhlenberg Circuit Court.

W. P. SANDIDGE, Circuit Judge.

Judgment for plaintiffs, defendant appeals.—Reversed.

Sales—Contract—Breach—Measure of Damages.—Where title to certain ties sold had not passed to the buyer, because of required inspection, when it refused to perform, the seller could not recover the price, but could only recover the difference between the contract price and what the ties could be sold for in the market, by the exercise of reasonable care, within a reasonable time after notice of the buyer's refusal.

N. T. HOWARD and TAYLOR & EAVES for appellant.

R. Y. THOMAS, JR., for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

Appellees, Paul Landrum and T. J. Howerton, partners trading and doing business under the firm name of Landrum & Howerton, instituted this action against the Indiana Tie Company to recover the contract price of certain ties which they claim to have sold to appellant; the purchase being made by one Willis, appellant's authorized agent. Appellant denied that Willis was authorized to make the purchase, and also denied that it had purchased the ties. The case was submitted to a jury, which returned a ver-

dict in favor of appellees for the sum of $461.10, the full amount sued for. The tie company appeals.

In the case the jury found for appellees, the instructions of the court authorized a recovery of the contract price. This, appellant contends, was error, for the reason that the title to the ties had never passed. For the purpose of considering the propriety of the court's action in this respect, it will be necessary to give the following brief statement of the facts: Appellees owned a certain number of ties located on the Illinois Central Railroad. In the month of October, 1907, Howerton met Willis, the agent of the Indiana Tie Company, in Central City. Newton Dennis, who was present at the time, introduced Howerton to Willis. Howerton spoke to Willis about the ties, and the latter told Howerton he could not buy them on the railroad, but, if Howerton would move them to the river, he would take them. Willis then said he would return about Wednesday or Thursday of the following week, or possibly a few days later, and would leave a draft with a Mr. Doss to pay for the ties. Willis agreed to pay 46 cents for white oak, 36 cents for chestnut, 35 cents for black oak, and 32 cents for soft-wood ties. In conformity with their contract, appellees hauled the ties in question and delivered them at the bluff on the river bank. Willis did not return and examine the ties at the time he said he would. Appellant declined to pay for the ties. Some time later certain inspectors in the employ of appellant examined the ties, and claimed that appellees agreed to take 10 cents less on each tie of the number so furnished, but finally decided not to do so, because dissatisfied with their inspection. Appellees' testimony upon this point, however, is to the effect that they declined to

accept a reduction of 10 cents on each tie. In speaking of the contract made with Willis, Howerton testified as follows: "Q. What kind of ties were you to deliver at the bluff? A. All kinds. Q. How many? A. All I could get there. Q. How many did you put down there? A. I can't say; only Mr. Ferguson and Withrow's count. Q. After they were placed on the bank of the river, then they were to be inspected, counted, and taken up and paid for by the tie company? A. Yes, sir." Newton Dennis, who was present when the contract was made, after testifying to other matters, testified as follows: "Q. It is true, after those ties were put on the bank of the river, they had to be inspected, counted, and branded by the tie company, didn't they? A. I suppose so."

In the recent case of Indiana Tie Company v. W. D. Phelps, opinion delivered February 11, 1910, and reported in 124 S. W. 833, this court had before it a question similar to the one here involved. In discussing the question whether or not the title to the ties had passed, the court said: "It appears that appellee bases his claim, and the jury rendered its verdict, upon the idea that the delivery of the ties at the landing and the notice to appellant of such delivery was a complete sale, and they recognized it as passing the property in the ties to appellant, and rendered a verdict in favor of appellee for their full value at the time of the refusal by appellant to accept them. This was error. According to the petition, and appellee's evidence, the property in the ties had never passed to appellant. The sale was incomplete. There was something yet to be done by the seller and buyer before the title passed. The ties were to be inspected, received, and then the market price was to be determined and agreed on before the sale was

complete. If the sale had been complete, appellee could have treated the property as appellant's, and recovered its value at the then market price; but, the sale not having been completed, the property had not passed to appellant, and appellee's remedy was to sue for damages for the failure of appellant to carry out its part of the contract. The criterion for his recovery was the difference in the market price of the ties at the time appellant received notice that they had been placed at the landing on the river and the market price at the time when appellee could have sold them by the exercise of ordinary care and attention. The title was still in appellee, and he should not have permitted them to be destroyed, and then recover of appellant their full value, if by a reasonable effort he could have avoided the total loss. The court seems to have adopted, in part, this view in the instructions; but appellee and the jury seem to have adopted the contrary view. In view of these principles and the uncontradicted evidence referred to, introduced by appellant, it is evident the verdict of the jury is far too much to be permitted to stand. On another trial the court will instruct the jury as above indicated, if the issues are the same.''

In the case under consideration, if nothing remained to be done to the ties, appellees could have delivered them, and then, treating them as the property of appellant, recovered the contract price; but, as it is admitted that the ties had to be inspected, it follows that the title thereto did not pass to appellant. That being the case, appellees can recover only the difference between the contract price and the price at which they could have sold the ties by the exercise of ordinary care within a reasonable time after they knew that appellant refused to accept

them. Upon return of the case the court will instruct the jury accordingly.

We conclude that there was sufficient evidence of the agency and authority of Willis to justify the submission of the question to the jury.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.